The opinion of the Court, was delivered by
Hornblower, C. J.
This Certiorari brings up the oroceedings of two Chosen Freeholders and two Surveyors of the Highways, laying out a ditch or drain through the meadows of the plaintiff, under the act of 24th November, 1792. Rev. L. 128. Elm. Dig. 332. The plaintiff has taken several exceptions to *50 the legality of the proceedings; and some of them of a serious character; but the counsel for the defendant has raised an objection of a preliminary nature, which if fatal to this writ, will render an examination of the errors assigned, unnecessary. The ditch was laid out in October, 1887, and the plaintiff stood by, and suffered the defendant to go to the expense and labor of digging and making a ditch, and then in May term, 1839, sued out this writ. Now, if the proceedings of the freeholders and surveyors should be reversed and set aside, the effect of it will be1 to make Campion, the defendant, a trepasser, ab initio. This would be hard and.unjust.
By the first section of a supplement to the act, Elm. Dig. 336, it is provided, that, at any time, after a ditch laid out under the original act, has been opened for the period of one year, the owner of the land, may call two freeholders and t.wo surveyors of the highways, to review the premises: and such freeholders and surveyors, may alter or entirely abolish the ditch, as to them may appear just and reasonable. Had the attention of the court been drawn to this provision in the act; and if it had been disclosed to us, that the ditch had been laid out and opened more than one year; and that the plaintiff had stood by, and suffered it to be done, without giving the defendant any notice or warning, that he intended to draw in question the legality of the proceedings, we would not, in the exercise of a sound discretion, have allowed this writ. It is said however, that it is now too late for the defendant to interpose this objection; that the writ has been allowed in open court; and the defendant ought, upon the return of the writ, to have given notice of a motion to set aside the writ; or taken a rule on the plaintiff to show cause, why it should not be quashed, as improvidently issued, as was done in The State v. Woodward, 4 Halst. R. 21. It is true, the allocatur, was made in open court; but it was, (as is usually the case) upon an ex parte application. But had it been otherwise, I do not know that it would have made any difference in this case. An allocatur, even upon notice, would not preclude the defendant, from moving to quash' the writ, upon the ground of irregularity, or upon any ground of a^ merely dilatory or technical character. But in such case, we should require him to take his exceptions .upon the return of the writ, or at his earliest op *51 portonity • and not lie by, until the cause came on to be heard upon the merits. But where the exception goes to the jurisdiction of the court, or strikes at the remedy; showing that the plaintiff is not entitled to it; or that upon sound principles of law, the writ ought not to have been allowed, it is never too late, while the matter is in fieri, for the court to interpose and quash the writ. Ray, the court may do this,-ea? mero motu, whenever, in the progress of the cause, they discover facts, which if they had been disclosed on the application for the writ, would have induced the court to have refused an allocatur. I am therefore of opinion, that the Certiorari in this case, ought to be quashed, and no further prosecuted; and that the plaintiff be left to his statute remedy, if he thinks the ditch ought to be abolished ; or to any other legal remedy to which he may be entitled. If the plaintiff had opposed the laying out, and making of the ditch, in limine, and warned the defendant to proceed at his peril, it might have been otherwise. But as the Certiorari has been sued out under the order and by permission of the court, and as no fault is imputable to the plaintiff, the writ is dismissed without costs.

Certiorari quashed, without costs.

Cited in State v. Green, 3 Harr. 183; State v. Ten Eyck, 3 Harr. 374; State v. Kingsland, 3 Zab. 89; State v. Wood, 3 Zab. 563; State v. Water Comm’rs Jersey City, 1 Vr. 250; State v. Mayor and Council of Newark, 1 Vr. 306; State v. Blauvelt, 5 Vr. 263; State v. Blake, 6 Vr. 212.